## In re ROWLEY.
### Patent Appeal No. 2681.

Court of Customs and Patent Appeals.
April 15, 1931.

B. C. Stickney, of New York City (James T. Newton, of Washington, D. C.; of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, 1 to 22, inclusive, in appellant's application for a patent for an alleged invention relating to a portable typewriting machine comprising, generally, a typewriting machine, a base, to which the machine is attached, and collapsible and detachable legs connected to the base by means of clamps.

Claims 3 and 17 are illustrative. They read:

"3. The combination with a portable typewriting machine, including a base, of a set of supporting legs, each including a threaded stem, fittings having threaded openings to receive the stems, and movable gripping elements associated with the fittings and engaged and moved by the stems when thread-ed into the openings, to hold said legs in gripping relation to the base."

"17. A set of legs for a portable typewriting machine, including a clamp for connecting each leg to the machine, one of the legs chambered to receive the others, and a handle chambered to receive the clamps and co-operating with the chambered leg to form a closed casing for the legs and clamps, said clamps being held against movement within said chambered handle."

The reference is: Evans, 345,290, July 13, 1886.

Claims 1 to 6, inclusive, were rejected on the reference.

Claims 1 to 11, inclusive, 13, 16, 20, 21, and 22 were rejected on the ground that they do not define a patentable combination, but rather an aggregation of old elements incapable of co-operating to produce a unitary result.

Claims 12, 14, 15, 17, 18, and 19 were rejected on the ground that they are misdescriptive, in that they state that the legs are attached to the typewriting machine, whereas they are, in fact, attached to the base, which, it was held, is not a part of the typewriting machine.

The patent to Evans discloses a chair having detachable legs.

In describing appellant's device, and in rejecting claims 1 to 6, inclusive, on the reference, the Board of Appeals said:

"Appellant's device is a stand intended for use with a portable typewriter. It comprises a supporting plate which is the base of the typewriter casing and to which the typewriter is attached. A set of legs is provided and each leg is detachably connected by means of a clamp to a marginal portion of the base member. These legs are so constructed that after separation from the base and clamps they may be telescoped one within the other and connected to a tubular member in which the clamps are placed. A hand grip may be connected to the other end of the tubular member to form a walking stick. * * *

"This reference discloses a chair to which legs are detachably connected by the fittings 7. As read on appellant's construction the claims are directed to the feature by virtue of which the act of attaching a leg to its clamp member also causes the clamp member to firmly grip the edge of the base. This is because the threaded portion at the end of the leg forces the jaw member 14 from the position shown in full lines toward the posi-

tion shown in dotted lines in Figure 5. In the Evans construction relative movement of the fittings 7 and legs 2 to secure the legs to the fittings also causes the legs and fittings to be secured to the base 1. It is believed that the claims of this group do not patentably differentiate appellant's connection from that disclosed by Evans. Since the typewriting machine as included in these claims is a matter of aggregation we deem claims 1 to 6, inclusive, unpatentable over Evans."

It is contended by counsel for appellant that the claimed combination is new; that the base is a part of a portable typewriting machine; that it is so designed as to "coact with the legs and frame to produce a portable typewriter"; that the claims define a patentable combination; that they are not misdescriptive; and that the patent to Evans is not a proper reference.

We are unable to agree with the views expressed by counsel for appellant.

It may be that appellant has produced an article of utility, but it does not necessarily follow that the claims define a patentable combination. The base does not, by attachment, become a part of the typewriting machine. It has the same relation to such machine as any supporting table or desk top. The elements forming appellant's combination are old, and the result obtained by the combination is but an aggregation of the known functions of the various elements. Holding these views, we are unable to say that the tribunals of the Patent Office erred in holding that claims 1 to 11, inclusive, 13, 16, 20, 21, and 22 defined aggregations rather than a true patentable combination, and that claims 12, 14, 15, 17, 18, and 19 were misdescriptive. Furthermore, we are inclined to the opinion that claims 1 to 6, inclusive, were properly rejected on the reference.

For the reasons stated, the decision is affirmed.

Affirmed.